IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON  DIVISION


| | | |
|---|---|---|
| **Rebecca Ramos**, | ) | C/A  2:11-3379-SB-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **Berkeley County and H. Wayne** | ) | |
| **DeWitt, in his official capacity as** | ) | |
| **Sheriff for Berkeley County**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This action has been filed by the Plaintiff asserting claims under Title VII of the Civil

Right Act of 1964, 42 U.S.C. § 2000e, et seq., the Americans with Disabilities Act (ADA), 42 U.S.C.

§ 12117, et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, et seq.

Plaintiff is a former employee of the Berkeley County Sheriff's Department.

The Defendants have filed a motion for judgment on the pleadings pursuant to Rule

12(c), Fed.R.Civ.P.  Plaintiff has filed a memorandum in opposition to the Defendants' motion, to

which the Defendants have filed a reply memorandum.  Defendants' motion is now before the Court

for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local
(continued...)

1



**Plaintiff's Allegations**

Plaintiff alleges in her Amended Complaint (Court Docket No. 10) that she is a former volunteer for the Berkeley County Sheriff's Department who wished to work full time for the Sheriff's Department. Plaintiff alleges that, while she was a volunteer at the Sheriff's Department, she was "harassed by the Defendants regarding her Disability". Plaintiff's Amended Complaint, at ¶ ¶ 14, 16-18, 20.[2] Plaintiff alleges that this harassment resulted in an internal affairs investigation, which was "meant to harass and discourage the Plaintiff". Nevertheless, Plaintiff alleges that she applied for employment with the Sheriff's Department, and passed a physical on January 19, 2010. Plaintiff alleges, however, that she was the only individual required to take a physical prior to an interview, and that during Plaintiff's interview she was asked if she had "everything straight with the Doctor". Id., ¶ ¶ 24-28.

Plaintiff alleges that she was hired by the Sheriff's Department on February 2, 2010, and thereafter "participated in all training classes" and "worked at the Jail for several weeks in order to receive training and experience" so that she would be fully prepared for the "Academy".[3] Id., pp. 31-33. Plaintiff alleges that while training for the Academy, she began to suffer shin splints, for which she saw a physician. Plaintiff alleges that she received "an excuse" from her doctor, but that

---

[1](...continued)
Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed a motion for judgment on the pleadings. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]The Amended Complaint does not initially identify Plaintiff's disability, but subsequently in the Complaint it becomes apparent that Plaintiff's alleged disability is "shin splints". Plaintiff's Amended Complaint, at ¶ ¶ 34, 42-45, 47, 49.

[3]The undersigned assumes Plaintiff is referring to the South Carolina Criminal Justice Academy.



"the Defendant failed and refused to accept the excuse from Plaintiff's physician". Id., ¶¶ 34-38.[4]

Plaintiff alleges that she started at the "Academy" on March 22, 2010, and that as a result of the physical training she was required to undergo her shin splints became worse. Plaintiff alleges that she received a prescription from her physician, but that when she returned to the Academy with the prescription she was "harassed for being under a Doctor's care for the Shin Splints". Id., ¶¶ 41-45. Plaintiff alleges that she was "harassed and berated for the Shin Splints and her disability" and that she "suffered from discrimination based on several issues to include but not limited to her disability and age". Id., ¶¶ 49-50. Plaintiff alleges that she was then sent home on April 1, 2010 and terminated for failure to meet the requirements at the Academy. Plaintiff alleges that she was fully capable of performing the position for which she had been hired, and that the reasons for her termination were pretextural. Id., ¶¶ 52-55.

Plaintiff alleges that she complained to "the Defendants" regarding disability discrimination, but that "the Defendants failed and refused to recycle the Plaintiff back to the Academy," even though the Defendants "recycled all other officers who failed the academy". Id., ¶¶. 56, 58-59. Plaintiff alleges that the Defendants failed to "recycle" her back to the Academy "because of her complaints regarding disability discrimination." Id., ¶ 60. Plaintiff alleges that the Defendants allowed younger, less qualified individuals to be recycled back into the Academy, and that she was discriminated against based on her age and disability and was also subject to a hostile work environment as a result of her perceived and/or actual disability. Id., ¶¶ 61-64. Plaintiff also

---

[4]While Plaintiff alleges that, prior to attending the Academy, she was required to list any and all physical/health problems, she had not listed her shin splints because "they were new". Id., ¶¶ 40, 46-47.



alleges that the Defendants unlawfully terminated her because of her disability and because of her complaints regarding retaliation and differential treatment.  Id., ¶ 72.

In her First Cause of Action, Plaintiff alleges that she was subjected to a hostile work environment by the Defendants in violation of Title VII.  In her Second Cause of Action, Plaintiff alleges that she was discriminated against on the basis of her disability, record of disability, and/or perceived disability in violation of the ADA.  In her Third Cause of Action, Plaintiff alleges that she was unlawfully retaliated against for engaging in protected activity in violation of Title VII.  In her Fourth Cause of Action, Plaintiff alleges that she was subjected to age discrimination in violation of the ADEA.  Plaintiff seeks monetary damages.  See generally, Plaintiff's Amended Complaint.

### Discussion

As noted, the Defendants argue entitlement to dismissal of Plaintiff's claims pursuant to Rule 12(c).  This motion is considered under the same standard used to decide motions to dismiss under Rule 12(b).  Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009).  When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff.  The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face".  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

After careful review and consideration of the arguments presented pursuant to this standard, the undersigned finds and concludes that the Defendants' motion for judgment on the pleadings should be **granted**.



**I.**

**(Defendant Berkeley County)**

Defendants first argue that Plaintiff's own allegations as set forth in her Amended Complaint clearly show that she was never an employee of Berkeley County. Rather, she was an employee of the Berkeley County Sheriff. While Plaintiff argues in her response brief that the sheriff is a county officer, not a state officer, it is clear that under South Carolina law the sheriff is an arm of the State and is separate and apart from the County. See Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996); Millmine v. County of Lexington, No. 182875, 2011 WL 182875 at * 5 (D.S.C. Jan. 20, 2011)["In South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county."]; Carroll v. Greenville County Sheriff's Dep't, 871 F.Supp 844, 846 (D.S.C. 1994)[suit against the sheriff's office is suit against the state]; Wyatt v. Fowler, 484 S.E.2d 590, 593 (S.C. 1997).

Plaintiff cites an Eleventh Circuit case in her brief, Abusaid v. Hillsbourough County Board of County Commissioners, 405 F.3d 1298 (11th Cir. 2005), for the proposition that the sheriff can be considered a county entity. However, Abusaid deals with the status of county sheriffs in Florida under Florida law. The only issue here is what is the status of a county sheriff under *South Carolina law*, and under South Carolina law the sheriff is an arm of the State. Millmine, 2011 WL 182875, at * 5. As such, Sheriff Dewitt is not an employee of the County of Berkeley, nor are individuals hired by him employees of the County. Rather, they are employees of the sheriff. Edwards v. Lexington County Sheriff's Dep't, 688 S.E. 2d 125, 127 n. 1 (S.C. 2010)["[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county employees]"; Cone v. Nettles,

5

417 S.E.2d 523, 524 (S.C. 1992)["[A] deputy, as an agent of the sheriff, is also 'more closely connected to the state than to the county,' hence, a state official."](quoting Gulledge v. Smart, 691 F.Supp. 947, 955 (D.S.C. 1988)); cf. Sims v. Lexington County Detention Center, No. 06-3490, 2008 WL 216345, at * 8 (D.S.C. Jan. 24, 2008)[Finding that County Detention Center officers were employees of the County Sheriff].

Therefore, as Plaintiff was at all time relevant to the allegations of this case an employee of the Sheriff, Berkeley County is entitled to dismissal as a party Defendant in this lawsuit.

## II.

## (Plaintiff's ADA and ADEA Claims)

With respect to the Defendant Wayne Dewitt in his official capacity as Sheriff for Berkeley County (the only remaining Defendant), this Defendant argues that he is entitled to dismissal of Plaintiff's ADA and ADEA claims for two reasons: 1) a claim against him in his official capacity is essentially a claim against the Berkeley County Sheriff's Office, a state entity, and as such this Defendant is immune from suit in this Court pursuant to the Eleventh Amendment, and 2) neither the ADA nor the ADEA waives a state's Eleventh Amendment immunity from suit.

With respect to Defendant's first argument, he is correct that the State of South Carolina enjoys immunity from suit in federal court under the Eleventh Amendment. However, the undersigned is constrained to note that this case was originally filed in state court, and was then removed to this federal District Court *by the Defendants*. See Court Docket No. 1. Removal of this case from the state court by the Defendants waived the State's Eleventh Amendment immunity from suit with respect to any claim to which South Carolina has consented to suit in its own courts. See Arnold v. South Carolina Department of Corrections, et al., No. 11-712, 2012 WL 684020, at * 2



(D.S.C. Jan. 3, 2012), <u>adopted by</u>, 2012 WL 684018 (D.S.C. Mar. 2, 2012); <u>Union Pacific Railroad</u>

<u>Company v. La. Public Service Commission</u>, 662 F.3d 336, 341 (5th Cir. 2011)["[T]he central

inquiry in determining a waiver of Eleventh Amendment immunity [is] whether the State's litigation

conduct constituted a voluntary invocation of federal jurisdiction"]; <u>Lapides v. Board of Regents of</u>

<u>the Univ. System of Georgia</u>, 535 U.S. 613, 619 (2002)[A state's voluntary appearance in federal

court waives sovereign immunity to claims where a state has consented to suit in its own courts for

such claims]; <u>see</u> <u>also</u> <u>Cameron v. Cox</u>, No. 10-1278, 2011 WL 1235308 at * 4 (D.S.C. Jan. 21,

2011) <u>adopted by</u>, 2011 WL 1212177 (D.S.C. Mar. 30, 2011).  However, since the State of South

Carolina has not waived its immunity from suit in state court for ADA and/or ADEA claims, the

Defendant's voluntary removal of this case to Federal Court has not, in this instance, effected a

waiver of the State's immunity from suit for these claims.  <u>See</u> <u>Stewart v. North Carolina</u>, 393 F.3d

484 (4th Cir. 2005)[finding no waiver where state has not consented to suit in its own courts for such

claims].[5]

        The question therefore becomes whether Congress, through enactment of the ADA

and ADEA, waived the State's immunity from suit under the Eleventh Amendment for claims for

damages asserted under those statutes.  The answer is that Congress did not.  It has been conclusively

held that both ADA and ADEA claims seeking monetary damages against state agencies are barred

---

[5]However, if Plaintiff had asserted a state tort claim against the Defendant Sheriff's Department in this case, since the State has generally consented to suit for tort claims filed against it in state court, the Defendant's removal of this case to Federal Court would have waived its immunity for those types of claims.  <u>See</u> generally, The South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, <u>et</u> <u>seq</u>.; <u>Lapides</u>, 535 U.S. at 619 [A state's voluntary appearance in federal court waives sovereign immunity to claims where a state has consented to suit in its own courts for such claims].



in Federal Court by the Eleventh Amendment to the United States Constitution. <u>Tennessee v. Lane</u>, 541 U.S. 509, 521-522 (2004); <u>Board of Trustees of University of Alabama v. Garrett</u>, 531 U.S. 356 (2001); <u>Kimel v. Florida Board of Regents</u>, 528 U.S. 62, 91 (2000). Therefore, Plaintiff's asserted claims under the ADA and the ADEA in her Second and Fourth Causes of Action, respectively, may not be pursued against this Defendant in this United States District Court, and must be dismissed. <u>Cf</u>. <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; <u>Harper v. United States</u>, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"]; <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"].

### III.

### (Title VII Claims)

Plaintiff's First Cause of Action (for hostile work environment) and Third Cause of Action (for retaliation) are both asserted under Title VII. Defendants argue that these claims are subject to dismissal for the simple fact that Plaintiff has failed to set forth any allegations to establish a claim under Title VII. The undersigned is constrained to agree.

Title VII makes it unlawful "to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin . . ." 42 U.S.C. 2000e-2. A plain reading of the allegations of Plaintiff's Complaint shows that the conduct of which she complains was based on an alleged

8



disability, not on her race, religion, sex or national origin.[6]  Hence, none of the allegedly unlawful

retaliation Plaintiff alleges she experienced, nor the hostile work environment she allegedly endured,

was conduct prohibited under Title VII.  Muszak v. Sears, Roebuck & Co., 63 F.Supp.2d 292, 300

(W.D.N.Y. 1999)["[A] Title VII retaliation claim must be for actions protected by Title VII, and,

quite simply (unlike the ADA that has its own retaliation prohibition), Title VII does not protect a

request for an accommodation on the basis of an alleged disability"]; Cody v. County of Nassau, No.

08-5127, 2009 WL 2958742 at *1 (2d Cir. Sept. 16, 2009)["At the outset we note that [Plaintiff's]

retaliation claim brought pursuant to Title VII fails as a matter of law because although Title VII

protects an employee from retaliation resulting from a claim of discrimination based on 'race, color,

religion, sex, or national origin,' 42 U.S.C. § 2000e-2, it does not protect an employee on the basis

of disability . . . ."]; Fleeger v. Principi, No. 03-735, 2005 WL 2176837 at * 4 (W.D.Pa. Aug. 15,

2005)[Plaintiff has failed to state a retaliation claim under Title VII, because Title VII has nothing

to do with discrimination based on an alleged disability].

        In the memorandum Plaintiff filed in opposition to the Defendants' motion to dismiss,

Plaintiff does not even address Defendants' argument that her Title VII claims should be dismissed

on this basis.  Therefore, as Plaintiff has failed to set forth a retaliation and/or hostile work

environment claim under Title VII, Plaintiff's First and Third Causes of Action should be dismissed.

Dickson, 309 F.3d at 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all

the elements of a claim]; Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)["Complaint

---

[6]Indeed, while Plaintiff also asserts an age discrimination claim under the ADEA, Plaintiff
does not even set forth in her Complaint what her age is (or was during the relevant time period), nor
the ages of any other individuals whom Plaintiff alleges discriminated against her.



must contain facts which state a claim as a matter of law . . . ."].

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion be **granted,** and that this case be **dismissed.** Iqbal, 129 S.Ct. at 1939 [Rule 12 Motion should be granted where Plaintiff has failed to set forth sufficient matters in the complaint to state a plausible claim for relief "on its face"].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 7, 2012
Charleston, South Carolina



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

