IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Rebecca Ramos, )
)
           Plaintiff, )
)
v. ) Civil Action No. 2:11-3379-SB
)
Berkeley County and H. Wayne DeWitt, ) **ORDER**
in his official capacity as Sheriff for )
Berkeley County, )
)
           Defendants. )
_____)

This matter is before the Court upon Plaintiff Rebecca Ramos's amended complaint, filed on December 21, 2011, wherein she alleges claims against Defendants Berkeley County and Berkeley County Sheriff H. Wayne DeWitt (in his official capacity). Specifically, the Plaintiff alleges: (1) that the Defendants subjected her to a hostile work environment in violation of Title VII; (2) that the Defendants discriminated against her in violation of the Americans with Disabilities Act ("ADA"); (3) that the Defendants unlawfully retaliated against her for engaging in actions protected by Title VII; and (4) that the Defendants discriminated against her based on her age in violation of the Age Discrimination in Employment Act ("ADEA").

On June 5, 2012, the Defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Plaintiff filed a response in opposition to the Defendants' motion, and the Defendants filed a reply. On August 7, 2012, in accordance with 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Bristow Marchant issued a report and recommendation ("R&R") outlining the issues

and recommending that the Court grant the Defendants' motion. The Plaintif filed written objections to the R&R, and the Defendants filed a response to the Plaintiff's objections.

## BACKGROUND

In her amended complaint, the Plaintiff alleges that she volunteered for 2,205.5 hours with the Berkeley County Sheriff's Department prior to applying for employment. The Plaintiff alleges that she informed the Department of "her disability"[1] while she volunteered there and that the Defendants harassed her about the disability. Nevertheless, the Plaintiff alleges that she applied for employment, passed a physical on January 19, 2010, and was hired on February 2, 2012. The Plaintiff asserts that she was the only individual required to take a physical prior to an interview.

Next, the Plaintiff alleges that she participated in all training classes but that while training, she began to suffer shin splints. She asserts that she left the Academy (presumably the South Carolina Criminal Justice Academy) to see her physician. The Plaintiff contends that she received a medical excuse from her physician but that the Defendants harassed her about being under a doctor's care for shin splints. The Plaintiff claims that she was sent home on April 1, 2010, and was terminated for her failure to meet requirements at the Academy. The Plaintiff complains that the Defendants failed to "recycle" the Plaintiff back to the Academy even though they recycled all other officers who failed. In all, the Plaintiff claims that "[t]he Defendants discriminated against [her] based on her age and disability" and that the Defendants "subjected [her] to harassment and a

---

[1] Although the amended complaint does not initially identify the Plaintiff's alleged disability, the Plaintiff later refers to "shin splints," and the Court assumes that these shin splints are the disability to which the Plaintiff refers.

2

hostile work environment on the basis of her perceived disability." (Entry 10 at 7.)

## STANDARD OF REVIEW

I. **The Magistrate Judge's R&R**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. Matthews v. Weber, 423 U.S. 261, 269 (1976). The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in the report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion(s) of the R&R to which the objection is made and the basis for the objection. Id.

II. **Federal Rule of Civil Procedure 12(c)**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard used to assess a Rule 12(c) motion for judgment on the pleadings is almost identical to the standard used to assess a motion to dismiss under Rule 12(b)(6), with the key difference being that the court can consider the answer as well as the complaint when faced with a Rule 12(c) motion. See Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009).

Thus, to survive a motion for judgment on the pleadings, a complaint must contain sufficient facts "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

3

In reviewing the complaint, the Court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4 th Cir. 2005). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

## DISCUSSION

In their motion for judgment on the pleadings, the Defendants assert: (1) that all of the Plaintiff's claims against Berkeley County fail because Berkeley County did not employ the Plaintiff, but rather, Sheriff DeWitt–an elected official–employed the Plaintiff; (2) that the Plaintiff's claims for hostile work environment and retaliation pursuant to Title VII fail because Title VII does not protect an employee from discrimination based on either age or disability; (3) that the Plaintiff's ADA and ADEA claims against Sheriff DeWitt are barred by Eleventh Amendment immunity and state sovereign immunity.

I.  **The Plaintiff's Claims Against Berkeley County**

In their motion, the Defendants first assert that the Plaintiff was never an employee of Berkeley County, but rather, that she was an employee of the Berkeley County Sheriff's Department, which is an arm of the State under South Carolina law and is separate and apart from the County. After review, the Magistrate Judge agreed with the Defendants and recommended that this Court dismiss Berkeley County as a party Defendant, citing the following cases: Cromer v. Brown, 88 F.3d 1315 (4th Cir. 1996); Millmine v. County of Lexington, No. 182875, 2011 WL 182875 at *5 (D.S.C. Jan. 20, 2011) ("In South Carolina,

a sheriff's department is an agency of the state, not a department under the control of the county."); Carroll v. Greenville County Sheriff's Dep't, 871 F. Supp. 844, 846 (D.S.C. 1994) (finding a suit against the sheriff's office to be a suit against the state); and Wyatt v. Fowler, 484 S.E.2d 590, 593 (S.C. 1997). (R&R, Entry 40 at 5-6.)

In her objections to the R&R, the Plaintiff attempts to distinguish the facts of this case from the facts of the cases cited and relied upon by the Defendants and the Magistrate Judge. Specifically, the Plaintiff argues that those cases all involved narrow issues where the courts were considering whether the Sheriff was an arm of the state in the context of section 1983 cases. At bottom, the Plaintiff argues that the Court should consider the Sheriff's office to be an arm of the County–rather than of the state–for purposes of this case.

After consideration, the Court is not persuaded by the Plaintiff's arguments. First, the issue here is whether the Sheriff's Department is an arm of the state under *South Carolina law* and not under the law of any other state, district, or circuit, and therefore, the Court is not persuaded by the Plaintiff's reliance on Eleventh Circuit cases. Next, although the Plaintiff is correct that Cone and Wyatt both involved section 1983 claims, the Plaintiff does not point to any law (nor has the Court found any) indicating that courts are to consider South Carolina sheriffs to be state officials *only* with respect to section 1983 claims. To the contrary, the law appears clear that overall in South Carolina, sheriff's departments are state agencies and not municipal departments. See S.C. Code Ann. § 23-13-550 (Westlaw 2012); 1975 S.C. Att'y Gen'l Op. No. 47 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (Westlaw 2012) (providing that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible

for neglect of duty or misconduct by a deputy sheriff); see also Edwards v. Lexington County Sheriff's Dep't, 386 S.C. 285, 287 n. 1, 688 S.E.2d 125, 127 n.1 (2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); Allen v. Fid. & Deposit Co., 515 F. Supp. 1185, 1191 (D.S.C. 1981) ("To allow the County to be held accountable for the actions of the sheriff and his deputies over whom it has no control as to the manner in which they perform their official duties and whom it cannot hire, fire, discipline or train relative to the performance of the duties of their offices, would be to subject the County to unbridled and unlimited liability over which is has no control and over which it is prevented from exercising such control."), aff'd 694 F.2d 716 (4th Cir. 1982) (table); and Cone, 417 S.E. 2d at 524 ("[A] deputy, as an agent of the sheriff, is also 'more closely connected to the state than to the county,' hence a state official.") (quoting Gulledge v. Smart, 691 F.Supp. 947, 955 (D.S.C. 1998)).

Here, the Plaintiff's own allegations indicate that she was not an employee of Berkeley County, but rather, was an employee of the Berkeley County Sheriff's Department, which pursuant to South Carolina law is an arm of the state separate and apart from the County. Accordingly, the Court agrees with the Defendants and the Magistrate Judge that Berkeley County is entitled to dismissal as a party Defendant.

II. **The Plaintiff's Title VII Claims**

In their motion for judgment on the pleadings, the Defendants next assert that the Plaintiff's claims for hostile work environment and retaliation pursuant to Title VII fail because Title VII does not protect an employee from discrimination based on either age or disability. After consideration, the Magistrate Judge agreed with the Defendants and recommended that the Court grant the Defendants' motion on this issue.

As an initial matter, the Court notes that the Plaintiff did not respond to this argument in her response in opposition to the Defendants' motion. More importantly, the Plaintiff did not object to the Magistrate Judge's R&R with respect to this issue. Accordingly, the Court adopts the Magistrate Judge's recommendation on this issue. In doing so, the Court notes that under Title VII, it is unlawful "to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. 2000e-2. Here, a plain reading of the Plaintiff's complaint indicates that her claims are not based on her race, color, religion, sex, or national origin; rather, her claims are based on her age (although she never actually provides her age) and her alleged disability. These claims fail as a matter of law because Title VII does not protect an employee from discrimination based on age or an alleged disability. See Zombro v. Baltimore City Police Dept., 868 F.2d 1364, 1369 (4 th Cir. 1989) ("The conclusion is irresistible that the ADEA provides the exclusive judicial remedy for claims of age discrimination."); Rahmaan v. Wal-Mart Stores, Inc., 2010 WL 890057, *4 (D.S.C. March 8, 2010) (unpublished) (noting that "disability" is not a protected class under Title VII and dismissing a Title VII retaliation claim based on an alleged disability).

### III. The Plaintiff's ADA and ADEA Claims

In their motion for judgment on the pleadings, the Defendants argue that the Plaintiff's ADA and ADEA claims against Sheriff DeWitt in his official capacity–the only remaining claims at this point–are barred by Eleventh Amendment immunity and state sovereign immunity. Essentially, Sheriff DeWitt asserts that claims against him in his official capacity are really claims against the Berkeley County Sheriff's Department, a state

7

entity, and as such he is immune from suit under the Eleventh Amendment and under principles of state sovereign immunity.

The Magistrate Judge considered the Defendant's arguments, as well as the Plaintiff's arguments to the contrary, and ultimately determined that Congress, through enactment of the ADA and the ADEA, did **not** waive the State's immunity from suit under the Eleventh Amendment for claims seeking damages under those statutes. The Magistrate Judge noted that it has been conclusively held that both ADA and ADEA claims seeking monetary damages against state agencies are barred in federal court by the Eleventh Amendment, citing Bd. of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001), and Kimel v. Florida Bd. of Regents, 528 U.S. 62, 91 (2000). (R&R, Entry 40 at 7-8.) Accordingly, the Magistrate Judge recommended that the Court grant the Defendants' motion on this issue.

In her objections, the Plaintiff again takes issue with the determination that the Sheriff is an arm of the State, and the Plaintiff urges the Court to consider the at-will nature of the Plaintiff's employment when considering whether the Sheriff is entitled to immunity.

The Court has done its best to decipher the Plaintiff's arguments; nevertheless, the fact remains that the Supreme Court has held that the Eleventh Amendment and state sovereign immunity bars private money damages actions under the ADA Title I and the ADEA. See Garrett, 531 U.S. 356 (holding that the Eleventh Amendment bars private money damages actions for state violations of ADA Title I, which prohibits employment discrimination against the disabled), and Kimel, 528 U.S. at 92 (holding that, in enacting the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals, and noting that state employees may be protected by state age

8

discrimination statutes). Because the Court has already determined the Sheriff to be an arm of the State, the Court agrees with the Magistrate Judge that the Plaintiff may not pursue her ADA and ADEA claims against this Defendant in this Court.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that Defendants' motion for judgment on the pleadings (Entry 32) is granted; the Magistrate Judge's R&R (Entry 40) is adopted; and the Plaintiff's objections (Entry 43) are overruled.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

October 24, 2012
Charleston, South Carolina

#9